JOHN BAISLEY v. THE UNIVERSAL DRIER AND DIGESTER COMPANY.

The docketing in the Court of Common Pleas of the judgment of a District Court does not preclude the granting, by the District Court, of a new trial of the cause in which the judgment was rendered.

On *certiorari* to the District Court of the city of Camden.

Argued at November .Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the plaintiff, *John J. Crandall.*

For the defendant, *John F. Harned.*

The opinion of the court was delivered by

COLLINS, J.   The District Court of the city of Camden granted a new trial after its judgment in the cause had been docketed in the Court of Common Pleas.   Its jurisdiction so to do is now challenged by the plaintiff in *certiorari.*

No provision was made, in the original act constituting District Courts, for the granting of a new trial.   If such a power rested in implication it is probable that it could not be exercised after the authorized docketing of the judgment in the Common Pleas; for, by section 79 (*Gen. Stat., p.* 1228), it was enacted:

" 79. That after such judgment shall be docketed in the Court of Common Pleas no execution shall issue thereon out of any District Court, nor shall any proceedings be had except the due and proper granting of an appeal or *certiorari.*"

The suit shown in the record before us was one within the extended jurisdiction conferred by the act of March 27th, 1882.   *Gen. Stat., p.* 1259.   The practice thereunder is that of the Circuit Courts so far as is applicable, except in cases of express provision otherwise.   Circuit Courts of course can grant new trials, but it is not necessary to construe that act or consider its limitation.   Later legislation now controls in all cases, and was in force when the suit was brought.   It is in the form of a supplement to the act constituting District Courts, and covers many points of practice.   The pertinent section reads as follows (*Gen. Stat., p.* 1256, *pl.* 233):

" 10. That in every case which within one year heretofore shall have been or which shall hereafter be tried in any of

said courts, the judge may, if he sees fit, order a new trial to be had upon such terms as he shall think reasonable, and in the meantime stay proceedings; and for the purposes of this act every such court shall be a continuous court of record."

We are asked to so construe the language of this statute as to limit its broad grant of power by subjecting it to the seventy-ninth section of the original act. We think that the language used accords with the legislative intent, and that there is neither room for nor need of construction. The power granted was meant to be unlimited.

The order of the District Court is affirmed, with costs.